THOMPSON, J.,
concurring.
Initially, my instinct was to affirm Dun-stall’s conviction. The facts were straightforward and the reluctant victim’s[1] testimony was corroborated by testimony of other witnesses and by the victim’s description of Dunstall’s residence. This case appeared to me to be no more distinctive than the many other one-on-one sexual batteries that are reviewed by appellate courts daily. However, after reading the majority opinion, and rereading the trial transcript, I agree that the case should be reversed because the improper prosecutorial conduct created an error that cannot be deemed harmless.
Defense attorneys have reached legendary status in this country because of the “innocent” defendants they have helped to acquit or the righteous legal causes they have advanced in the face of social pressure and ostracism. Their legends have become part of the layman’s landscape because of plays, movies, and television. Unfortunately, these legends are often the product of inept or *823 unethical prosecutors; prosecutors who violate not only their oath of admission to The Florida Bar, but also the aspirational ideals and goals of professionalism of The Florida Bar.
When an attorney becomes a member of The Florida Bar, the attorney is required to take an oath. Part of that oath reads: “I will employ for the purpose of maintaining the causes confided to me such means only as are consistent with truth and honor, and will never seek to mislead the judge or jury by any artifice or false statement of fact or law.” In this case, the prosecutor’s objections created a Hobson’s choice for the defense attorney which deprived Dunstall of an essential part of his defense: violate the court’s ruling and argue excluded evidence or argue that there was not enough evidence for conviction; that if there was sexual intercourse, it was consensual after the victim used drugs.[2] The objection to pertinent evidence was unprofessional. More significant to me, however, is that the prosecutor showed no regard for the aspirational ideals and goals of professionalism which were adopted by the Board of Governors of The Florida Bar on May 16, 1990. These aspirational guidelines suggest that a lawyer use his or her “position and power in an honest and fair manner which respects the dignity of others, promotes the public good, and protects our system of equal justice under the law.” Also, it suggests that a “lawyer at all times be guided by a fundamental sense of honor, integrity, and fair play....” Based upon the prosecutor’s behavior in this case, it appears she followed neither her oath of office nor the ideals and goals of professionalism of The Florida Bar.
Moreover, the improper conduct of the prosecutor violates several general standards promulgated by the American Bar Association for prosecutors. Standard 3-l.l(e) reads in part:
As used in this chapter, the term “unprofessional conduct” denotes conduct which, in either identical or similar language, is or should be made subject to disciplinary sanctions pursuant to codes of professional responsibility in force in each jurisdiction. Where other terms are used, the standard is intended as a guide to honorable professional conduct and performance. These standards are not intended as criteria for the judicial evaluation of alleged misconduct of the prosecutor to determine the validity of a conviction. They may or may not be relevant in such judicial evaluation, depending upon all the circumstances.
Standard 3-2.8 reads in part:
It is unprofessional conduct for a prosecutor intentionally to misrepresent matters of fact or law to the court.
The prosecutor’s conduct in this case violates her oath of office as member of The Florida Bar, and the ideals and goals of professionalism and standards set by the American Bar Association. Unfortunately, in this case, the prosecutor’s zeal interfered with her obligations as a lawyer and as a prosecutor, and caused her to forget that the role of the prosecutor is not simply to obtain a conviction, but is to seek justice. Here, the prosecutor was not seeking justice.

. The victim only reported the crime after her mother found a letter to her friend which detailed the facts of the sexual battery. Her mother confronted her, she explained what happened, and the family called the police.

. The victim admitted to using a bong to smoke marijuana.